UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>        v.<br><br>WILLIAM J. TRUJILLO,<br><br>    Defendant/Petitioner. | NO. CR-94-2088-EFS<br>(NO. CV-10-3109-EFS)<br><br>**ORDER DENYING PETITIONER TRUJILLO'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

Before the Court is Petitioner William J. Trujillo's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("the Petition"). (ECF No. 45.) Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the U.S. District Courts, the Court examined the Petition and the record and determines that summary dismissal is required for the reasons given below. Rule 4(b), 28 U.S.C. foll. § 2255; *see also Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982).

**A. Background**

On November 1, 1994, Petitioner was arrested and charged with Assault in the First Degree, Burglary in the First Degree, and Theft of a Firearm in Yakima County, Washington. On November 8, 1994, Petitioner was indicted on the instant federal charge of Felon in Possession of a

ORDER ~ 1

Firearm under 18 U.S.C. § 922(g)(1). Yakima County then elected to dismiss its charges against Petitioner without prejudice; the dismissal order stated, "said action should be dismissed . . . to allow federal prosecution of the defendant prior to proceeding on state charge." (ECF No. 46, Attach. A.)

On March 13, 1995, Petitioner pled guilty to the federal firearm charge. *Id.*, Attach B. On June 5, 1995, Petitioner was sentenced by Judge Alan McDonald to 100 months. *Id.,* Attachs. C & D. Also on June 5, 1995, Yakima County charged Petitioner again with the three previously-charged state offenses. Petitioner was found guilty by a state jury on July 13, 1995, and was sentenced to 320 months on November 30, 1995. *Id.*, Attach. E. The Yakima County court imposed the 320-month sentence to run consecutive to the 100-month federal sentence. *Id.*

On November 16, 2010, this Petition was filed, seeking relief under 2255 because Judge McDonald 1) unlawfully directed that the federal sentence be served consecutive to the to-be-imposed state sentence, and 2) failed to caution Petitioner during the plea colloquy that the state sentence would be served consecutive to the federal sentence.

**B.  Authority and Analysis**

Section 2255 allows a prisoner in federal custody to attack a sentence on the grounds that such sentence was imposed in violation of the federal constitution or law, the Court did not have jurisdiction to impose the sentence, and the sentence exceeded the allowed. 28 U.S.C. § 2255. Approximately one year after Petitioner's conviction and sentence, Congress enacted the Antiterrorism and Effective Death Penalty

ORDER ~ 2

Act, which, in pertinent part, required a § 2255 petition to be filed within one year of the latest of the following events:

    (1) the date on which the judgment of conviction becomes final;
    (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

    Petitioner submits that he is not subject to AEDPA's one-year filing requirement because he pled guilty and was sentenced before its effective date. This argument is unsuccessful. All post-AEDPA § 2255 petitions are subject to AEDPA's one-year time requirement. 28 U.S.C. §2255. A one-year grace period was given to prisoners to file petitions relating to pre-AEDPA convictions and sentences. This grace period ended on April 26, 1997. *See United States v. Schwartz*, 274 F.3d 1220, 1223 (9th Cir. 2001). Therefore, Petitioner, like all other prisoners, must satisfy the one-year time requirement.

    Petitioner did not identify which one-year subsection he believed he satisfies. Clearly subsection (1) does not apply because the judgment became final in 1996, almost fifteen years ago. Petitioner has not identified a removed impediment or a new Supreme Court decision upon which he relies; therefore, the second and third subsections do not apply. Petitioner's state-court personal restraint petition was

ORDER ~ 3

dismissed by the Washington Court of Appeals exactly one year before this Petition was filed. However, Defendant was aware of the alleged facts supporting this Petition when he was sentenced by the state court in November 1995, i.e., 1) that sentencing Judge McDonald failed to advise Petitioner that he could face a concurrent state-court sentence based on the same underlying events, and 2) the subsequent state-court sentence was ordered to run concurrent to the federal sentence by the state-court judge. Accordingly, the last subsection also does not apply.

Even if the Petition was timely, the Court concludes it is clear that Petitioner is not entitled to the relief he seeks because Judge McDonald did not direct Petitioner's federal sentence to be served concurrent to the to-be-imposed state sentence. (ECF No. 46, Attachs. C & D.) In fact, Judge McDonald advised Petitioner during sentencing that it was unknown what the state court would do and that his sentencing decision was not impacted by the unforseeable action that the state court might take. *Id.*, Attach. C. Accordingly, Petitioner was on notice that the state court might also prosecute Petitioner for the same underlying conduct and impose whatever sentence it deemed appropriate.

Further, in the Plea Agreement, Petitioner waived the right to seek relief under 28 U.S.C. § 2255. Plea Agreement paragraph 6 states in pertinent part, "[Petitioner] shall not seek nor pursue an appeal, including a 28 U.S.C. § 2255 proceeding to the extent such an appeal may be waived, of any sentence which he may receive as a result of this plea providing that sentence is within or below the applicable United States Sentencing Guidelines range." (ECF No. 46, Attach. B.) Judge McDonald

ORDER ~ 4

sentenced Petitioner within the applicable Guideline range. Accordingly, Petitioner waived his right to seek relief under § 2255.

For the above-given reasons, **IT IS HEREBY ORDERED:** Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody **(ECF No. 45)** is **DENIED**.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and provide a copy of this Order to Petitioner and the United States Attorneys Office.

**DATED** this ___6th___ day of December 2010.


                              s/Edward F. Shea
                              EDWARD F. SHEA
                  United States District Judge

Q:\Criminal\1994\2088.dismiss.habeas.wpd

ORDER ~ 5